IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLES SPEED, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:17-cv-02076-TLP-tmp |
| v. ) | |
| ) | |
| KEVIN GENOVESE, ) | |
| ) | |
| Respondent. ) | |

**ORDER OF DISMISSAL,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner, Charles Speed,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). (ECF No. 1.) Respondent, Kevin Genovese, answered Speed's petition. (ECF No. 10.) For the reasons below, the Court finds that Petitioner's arguments do not present a violation of federal law and therefore **DISMISSES** the § 2254 Petition.

**PROCEDURAL HISTORY**

**I. State Court Procedural History**

In May 2014, Petitioner pleaded guilty in Tennessee state court to many offenses. For starters, he pleaded guilty to four counts of aggravated robbery in exchange for an 18-year sentence as a Range II offender, to be served with 100% release eligibility for each conviction. (ECF No. 9-1 at PageID 32.) He too pleaded guilty to one count of aggravated assault in

---

[1] Speed is a state prisoner, Tennessee Department of Correction ("TDOC") register number 272650. Tennessee is housing him at the Turney Center Industrial Complex ("TCIC") in Only, Tennessee.

exchange for a 15-year sentence as a Range III offender. (*Id.*) And he pleaded guilty to one count of attempted aggravated robbery in exchange for a 15-year sentence as a Range III offender. (*Id.*) The trial court accepted his pleas and ordered the sentences to run concurrently for an effective sentence of 18 years in prison. (*Id.* at PageID 33–39.) Petitioner did not appeal that result.

He later filed a pro se motion to correct an illegal sentence. (*Id.* at PageID 44–46, 49–54.) The trial court appointed counsel, (*id.* at PageID 76), who amended the motion, alleging that Petitioner's sentences exceeded the permissible sentencing range because the State did not file a notice of intent to seek enhanced punishment (*id.* at PageID 77–79). The trial court held a hearing and denied relief. (*Id.* at PageID 82–83.) Petitioner appealed that time. (*Id.* at PageID 84.)

On appeal, the Tennessee Criminal Court of Appeals ("TCCA") dismissed the appeal as untimely but added that his motion did not assert a colorable claim for relief from an illegal sentence. *State v. Speed*, No. W2015-00473-CCA-R3-CD, 2016 WL 1073232 (Tenn. Crim. App. Mar. 18, 2016), *perm. app. denied* (Tenn. Aug. 19, 2016). After the Tennessee Supreme Court denied permission to appeal, Petitioner came here.

To review the factual and procedural background from state court, this Court recites the summary from the TCCA's opinion:

> The defendant pled guilty to four counts of aggravated robbery in exchange for an eighteen-year sentence as a Range II offender to be served with 100% release eligibility for each conviction. He pled guilty to one count of aggravated assault in exchange for a fifteen-year sentence as a Range III offender. He pled guilty to one count of attempted aggravated robbery in exchange for a fifteen-year sentence as a Range III offender. The trial court ordered the sentences to be served concurrently for an effective sentence of eighteen years.

2

> The defendant filed a motion to correct an illegal sentence arguing that the State failed to provide him with adequate notice of its intent to seek an enhanced punishment. The trial court appointed counsel, who filed an amended motion.
>
> The trial court held a hearing on the motion, and the only evidence presented was the arguments of defense counsel and the prosecutor. Defense counsel argued that the State failed to provide notice of its intent to seek an enhanced sentence, which rendered the defendant's Range II sentences voidable. Counsel argued that the appropriate remedy was for the trial court to vacate the defendant's guilty pleas and sentence him as a Range I offender. The State responded that because the defendant pled guilty in exchange for a negotiated plea agreement, a notice seeking an enhanced sentence was not required.
>
> The trial court orally denied the motion. The court found that any issue with regard to notice was waived when the defendant entered his guilty pleas. The court found that the notice requirement statute cited by the defense referred to open-ended pleas and trials. The court found that the defendant's guilty pleas were proof that he knowingly and voluntarily waived his right to the notice. The court noted that any claims regarding the voluntariness of the defendant's guilty pleas had to be addressed under post-conviction procedures. The court found that the defendant's arguments that his sentences were void or voidable under Rule 36.1 were "misplaced."
>
> After orally denying the motion on January 29, 2015, the trial court entered a written order denying the motion on January 30, 2015. The defendant's notice of appeal was filed on March 3, 2015.

*State v. Speed*, 2016 WL 1973232, at *1. The TCAA considered Petitioner's argument, analyzed the issue, and opined:

> The defendant argues that his sentences are illegal because the State did not file a notice to seek an enhanced punishment. He acknowledges that his sentences are merely voidable and not void, but he argues that his pleas should be set aside as a matter of policy because there is no indication that he voluntarily waived his right to notice of an enhanced punishment. The State responds that the appeal should be dismissed for failure to file a timely notice of appeal and that the trial court properly denied the motion.
>
> Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Here, the defendant filed a notice of appeal on March 3, 2015, more than 30 days after the trial court entered its order denying the motion to correct an illegal sentence. In criminal cases, however, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate this Court shall consider the nature

3

of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." *Michelle Pierre Hill v. State*, No. 01C01–9506–CC–00175, 1996 WL 63950, at *2 (Tenn. Crim. App. Feb. 13, 1996). "Waiver is not automatic and should occur only when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant may "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). Our supreme court recently stated that the definition of an "illegal sentence" in Rule 36.1 was "coextensive with . . . the definition of the term in the habeas corpus context." *State v. James D. Wooden*, ––– S.W.3d ––– 2015 WL 7748034, at *7 (Tenn. Dec. 2, 2015). The court stated that illegal sentences "are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* Here, the defendant's sentences do not meet any of the criteria within this definition. He was sentenced to eighteen years as a Range II offender for a Class B felony, which is a sentence authorized by statute. *See State v. Michael Christopher Bigbee*, No. M2014–01999–CCA–R3–CD, 2015 WL 5968524, at *2 (Tenn. Crim. App. Oct. 14, 2015) (rejecting a defendant's claim that the State's failure to file a notice seeking enhanced punishment rendered his Range II sentence illegal "because: (1) a Range II sentence is authorized by statute, and (2) a Range II sentence does not directly contravene any statute."), *no perm. app. filed*. Additionally, the defendant's claim that the lack of adequate notice prevented him from making an informed decision to plead guilty goes to the knowing and voluntary nature of the plea and would render the judgment merely voidable. *John J. Kratochvil v. James M. Holloway*, Warden, No. M2014–00600–CCA–R3–HC, 2014 WL 5428836, at *2 (Tenn. Crim. App. Oct. 27, 2014) (concluding that in the context of a habeas corpus petition, "the State's failure to provide a notice of enhanced punishment would likewise render the judgment voidable, not void, and would not afford the petitioner habeas corpus relief."), *perm. app. denied* (Tenn. Feb. 13, 2015). The defendant has not stated a colorable claim for relief, and we conclude that the interest of justice does not require a waiver of the requirement of filing a timely notice of appeal.

Based upon the foregoing, we conclude that the defendant's appeal was untimely and dismiss the appeal.

*State v. Speed*, 2016 WL 1073232, at *1–*2.

## II. Federal Court Procedural History

As for the procedural background here, in January 2017, Petitioner mailed a petition under § 2254 challenging his state sentences. (ECF No. 1 a PageID 6.) United States District Judge Samuel H. Mays directed Respondent to respond to the petition. (ECF No. 7.) As directed, Respondent then filed the state court record (ECF No. 9) and answered the petition (ECF No. 10). In early 2018, the case was reassigned to this district judge. (ECF No. 12.)

Petitioner raises a single issue in his § 2254 Petition: "[t]he State failed to file a notice of intent to seek an enhanced sentence within ten (10) days of Petitioner's guilty plea as required by Tenn. Code Ann. § 40-35-202(a)." (ECF No. 9-3 at PageID 102.) He presented this issue to the TCCA on appeal from the denial of his motion under Tennessee Rule of Criminal Procedure 36.1. (ECF No. 9-3 at PageID 102.)

## STANDARD OF REVIEW

Federal courts have limited authority to issue habeas corpus relief for persons in state custody under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## I. Exhaustion and Procedural Default

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim to the state courts under 28 U.S.C. § 2254(b) and (c). *Cullen v. Pinholster*, 563 U.S.

170, 181 (2011). Petitioner must "fairly present"[2] each claim to all levels of state court review, including the state's highest court on discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), unless the state has explicitly disavowed state supreme court review as an available state remedy, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999). In Tennessee, Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court to "be deemed to have exhausted all available state remedies." *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003); *see Smith v. Morgan*, 371 F. App'x 575, 579 (6th Cir. 2010). Exhaustion is not the only barrier for state inmates.

Another barrier for state inmates seeking habeas relief is the procedural default doctrine. The procedural default doctrine is ancillary to the exhaustion requirement. *See Edwards v. Carpenter*, 529 U.S. 446, 452–53 (2000) (noting the interplay between the exhaustion rule and the procedural default doctrine). Under this doctrine, if the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the Petitioner is then barred from seeking federal habeas review. *Wainwright v. Sykes*, 433 U.S. 72, 81–82 (1977); *see Walker v. Martin*, 562 U.S. 307, 315 (2011) ("A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (internal quotation marks and citation omitted)).[3] In

---

[2] To exhaust a claim, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted). Nor is it enough to make a general appeal to a broad constitutional guarantee. *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

[3] The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits. *Walker*, 562 U.S. at 315. A state rule is an "adequate" procedural ground if it is "firmly established and regularly followed." *Id.* at 316

general, a federal court "may only treat a state court order as enforcing the procedural default rule when it unambiguously relies on that rule." *Peoples v. Lafler*, 734 F.3d 503, 512 (6th Cir. 2013).

If the state court ruling procedurally defaults petitioner's claim, to move forward, he must show cause to excuse his failure to present the claim and actual prejudice stemming from the constitutional violation or that a failure to review the claim will lead to a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 320–21 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The latter showing requires a petitioner to prove that a constitutional error has probably caused the conviction of a person who is actually innocent of the crime. *Schlup*, 513 U.S. at 321; *see also House v. Bell*, 547 U.S. 518, 536–39 (2006) (restating the ways to overcome procedural default and further explaining the actual innocence exception).

Now the Court looks at what happens when the state court adjudicates the merits of a claim.

## II. Merits Review

Under § 2254(d), when the state courts adjudicate a claim on the merits, a federal court may grant a habeas petition should only if the state court's decision:

(1) resulted in a decision that was contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

(quoting *Beard v. Kindler*, 558 U.S. at 60–61 (2009)). "A discretionary state procedural rule . . . can serve as an adequate ground to bar federal habeas review . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Id.* (quoting *Kindler*, 558 U.S. at 54) (internal quotation marks and citations omitted).

7

28 U.S.C. § 2254(d)(1)–(2). Petitioner carries the burden of proof on this "difficult to meet" and "highly deferential [AEDPA] standard," which requires federal courts to give "state-court decisions…the benefit of the doubt." *Cullen*, 563 U.S. at 181 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A federal court reviewing under § 2254(d)(1) has to limit its inquiry to the record before the state court that adjudicated the claim on the merits. *Cullen*, 563 U.S. at 182. A state court's decision is "contrary" to federal law when it "arrives at a conclusion opposite to that reached" by the Supreme Court on a question of law or "decides a case differently than" the Supreme Court has "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).

As for § 2254(d)(2), a state court makes an "unreasonable application" of federal law when it "identifies the correct governing legal principle from" the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The state court's application of clearly established federal law must be "objectively unreasonable" for the writ to issue. *Id.* at 409. The writ may not issue only because the habeas court, "in its independent judgment," determines that the "state court decision applied clearly established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citing *Williams*, 529 U.S. 411).

There are few cases addressing whether, under § 2254(d)(2), a state court decision was based on "an unreasonable determination of the facts." In *Wood v. Allen*, 558 U.S. 290, 301 (2010), the Supreme Court held that a state-court factual determination is not "unreasonable" just

8

because the federal habeas court would have reached a different conclusion.[4]  In *Rice v. Collins*, 546 U.S. 333 (2006), the Court explained that "[r]easonable minds reviewing the record might disagree" about the factual finding in question, "but on habeas review that does not suffice to supersede the trial court's . . . determination."  *Rice*, 546 U.S. at 341–42.

The Sixth Circuit has described the § 2254(d)(2) standard as "demanding but not insatiable" and has emphasized that, under § 2254(e)(1), the state court factual determination is presumed to be correct absent clear and convincing evidence to the contrary.  *Ayers v. Hudson*, 623 F.3d at 301, 308 (6th Cir. 2010).  A federal court will not overturn a state court decision on factual grounds unless that decision is objectively unreasonable given the evidence presented during the state court proceeding.  *Id.*; *see also Hudson*, 421 F. App'x at 624 (same).

The Court now turns to the petition here.

## **ANALYSIS**

Petitioner contends that his sentence is illegal because the State prosecutor failed to deliver adequate notice of its intent to seek enhanced punishment under Tennessee law.  (ECF No. 1 at PageID 4.)  In response, Respondent argues that Petitioner does not raise a violation of federal constitutional law and the claim should therefore be denied.  (ECF No. 10 at PageID 154.)

In a federal habeas petition under § 2254, a petitioner cannot bring claims that the state courts misapplied Tennessee statutes and rules of procedure.  *See* 28 U.S.C. § 2254(a) (a federal

---

[4] In *Wood*, the Supreme Court granted certiorari to resolve whether, to satisfy § 2254(d)(2), "a petitioner must establish only that the state-court factual determination on which the decision was based was 'unreasonable,' or whether § 2254(e)(1) additionally requires a petitioner to rebut a presumption that the determination was correct with clear and convincing evidence." *Wood*, 558 U.S. at 299.  The Court found it unnecessary to reach that issue, and left it open "for another day."  *Id.* at 300–01, 303 (citing *Rice v. Collins*, 546 U.S. 333, 339 (2006) (recognizing that it is unsettled whether there are some factual disputes to which § 2254(e)(1) does not apply)).

9

court may grant habeas relief to a state prisoner "only on the ground that he is currently in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions."); *Wilson v. Parker*, 515 F.3d 682, 705 (6th Cir. 2008) ("[a] federal court cannot issue a writ of habeas corpus 'on the basis of a perceived error of state law) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). The TCCA did not address this claim as a violation of Petitioner's federal constitutional rights because he argued the prosecutor's actions violated Tennessee law. What is more, Petitioner's brief on direct appeal relied only on Tennessee law, Tennessee statutes, and Tennessee procedural rules. (ECF No. 9-38 at PageID 101.) In fact, he never argued how any purported trial error implicated Petitioner's rights under the United States Constitution. (*Id.*)

Petitioner exhausted no federal constitutional claim in state court. Because no avenue remains for exhausting the claim as a federal constitutional claim, he is barred by procedural default from bringing this claim in federal court. Given that Petitioner seeks relief from the state courts' allegedly erroneous application of Tennessee case law, Tennessee statutes, and Tennessee procedural rules, he may not bring his claim in federal court. So the Court **DENIES** and **DISMISSES WITH PREJUDICE** the § 2254 Petition. The Court will enter judgment for Respondent.

## APPELLATE ISSUES

A petitioner is not entitled to appeal a district court's denial of his § 2254 Petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). The Court has to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an

appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

The Court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must show the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)–(3). A petitioner makes a "substantial showing" when he shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must show that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed more).

A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Slack*, 537 U.S. at 337).

Here, there can be no question that the claim in this § 2254 petition is not cognizable. Because any appeal by Petitioner on the issue raised in this petition does not deserve attention, the Court **DENIES** a certificate of appealability.

And for the same reasons the Court denies a certificate of appealability, the Court also finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under

11

Fed. R. App. P. 24(a), that any appeal here would not be taken in good faith. The Court **DENIES** therefore leave to appeal in forma pauperis.[5]

    **SO ORDERED**, this 26th day of February, 2020.

                                       s/ Thomas L. Parker
                                       THOMAS L. PARKER
                                       UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of the entry of this order. *See* Fed. R. App. P. 24(a)(5).